IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERA MARIE MILLET and<br>ADRIAN THOMAS THIBODEAUX<br><br>  Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC<br><br>  Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 23-1673<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant, Rushmore Loan Management Services, LLC ("Rushmore" and/or "Defendant"), gives notice and removes this civil action, No. 196162 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this notice of removal, Price represents:

**The Parties**

1. The Plaintiffs in this action are Vera Marie Millet and Adrian Thomas Thibodeaux, residents of Terrebonne Parish, Louisiana.

2. The Defendant in this action is Rushmore Loan Management Services, LLC, a corporation with its main office in Irvine, California.

**State Court Process**

3. On March 29, 2023, Plaintiffs sued Defendant for alleged violations of the Louisiana Unfair Trade Practices Act and requested damages. The petition was filed in the 32nd

Judicial District Court for the Parish of Terrebonne, No. 196162 (the "State Court Action"). The entire suit record of that proceeding is attached hereto as Exhibit "A".

4. Defendant was served on April 20, 2023.

**Basis for Removal**

5. This Court has jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

6. Complete diversity exists between Plaintiffs and Defendant in this matter.

7. Plaintiffs allege in their Petition that they are "persons of majority and residents of Terrebonne Parish, Louisiana" (Petition, first unnumbered paragraph). Thus, Plaintiffs are citizens of Louisiana.

8. Defendant is a limited liability company with its principal place of business in California and authorized to do business in Louisiana. Thus, Defendant is a citizen of California.

9. While the Petition for Damages does not include a specific amount of damages sought, based upon the allegations in the Petition for Damages the insurance proceeds are in the amount of $90,571.40 (Petition, ¶ 6), the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs, although Defendant denies any such liability.

**Jurisdiction and Removal Procedure**

10. This action is removable under 28 U.S.C. § 1441, as this Court has jurisdiction under 28 U.S.C. § 1332, because (1) Plaintiffs, "residents of Terrebonne Parish, Louisiana"[1] requests damages against Defendant who is a not citizen of Louisiana, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C.

---

[1] *See* Petition for Damages, first unnumbered paragraph.

§1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Therefore, this action is removable based on complete diversity of citizenship.

11.     The Plaintiffs' Petition seeks the insurance proceeds of $90,571.40 plus damages. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) is met.

12.     The jurisdictional facts alleged in this notice of removal existed at the time that the State Court Action was filed and exists at the time of the filing of this notice.

13.     Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C § 1446(b).

14.     All properly joined defendants who have been served have or will join and consent to this removal. 28 U.S.C. § 1446(a).

15.     All pleadings, process, orders and other filings served on Defendant from the State Court Action are attached to this notice as required by 28 U.S.C. § 1446(a).

16.     Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the Clerk of Court of the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, as well as filing notice of removal.

17.     All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have bene made.

18.     The Eastern District of Louisiana is the federal judicial district embracing the 4th Judicial District Court for the Parish of Terrebonne, State of Louisiana, the parish in which the State Court Action was filed and is pending. Therefore, this action is properly removed to this district under 29 U.S.C. § 98(a) and 28 U.S.C. § 1441.

19.     Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

20.     To the extent remand is sought by Plaintiffs or otherwise visited by this Court, Defendant requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

**Adoption and Reservation of Defenses**

21.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state of federal statute, or otherwise.

WHEREFORE, Defendant Rushmore Loan Management Services, LLC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted this 18th day of May, 2023.

>DEAN MORRIS, LLC
>1505 North 9th Street
>Monroe, LA 71201
>(318) 388-1440
>
>By: */s/ Elizabeth Crowell Price*
>Elizabeth Crowell Price, LA Bar Roll 39083
>elizabeth.price@ms.creditorlawyers.com
>Attorney for Rushmore Loan Management Services, LLC

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing pleadings has been forwarded to all parties of record by U.S. Mail (properly address and postage prepaid), by electronic mail, and/or facsimile, this the 18th day of May, 2023.

              */s/ Elizabeth Crowell Price*
              Elizabeth Crowell Price

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERA MARIE MILLET and<br>ADRIAN THOMAS THIBODEAUX<br><br>          **Plaintiffs,**<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC<br><br>          **Defendant.** | )<br>)<br>)<br>)<br>)<br>) **Civil Action No.: 23-1673**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant, Rushmore Loan Management Services, LLC ("Rushmore" and/or "Defendant"), gives notice and removes this civil action, No. 196162 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this notice of removal, Price represents:

**The Parties**

1. The Plaintiffs in this action are Vera Marie Millet and Adrian Thomas Thibodeaux, residents of Terrebonne Parish, Louisiana.

2. The Defendant in this action is Rushmore Loan Management Services, LLC, a corporation with its main office in Irvine, California.

**State Court Process**

3. On March 29, 2023, Plaintiffs sued Defendant for alleged violations of the Louisiana Unfair Trade Practices Act and requested damages. The petition was filed in the 32nd

Judicial District Court for the Parish of Terrebonne, No. 196162 (the "State Court Action"). The entire suit record of that proceeding is attached hereto as Exhibit "A".

4. Defendant was served on April 20, 2023.

## Basis for Removal

5. This Court has jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

6. Complete diversity exists between Plaintiffs and Defendant in this matter.

7. Plaintiffs allege in their Petition that they are "persons of majority and residents of Terrebonne Parish, Louisiana" (Petition, first unnumbered paragraph). Thus, Plaintiffs are citizens of Louisiana.

8. Defendant is a limited liability company with its principal place of business in California and authorized to do business in Louisiana. Thus, Defendant is a citizen of California.

9. While the Petition for Damages does not include a specific amount of damages sought, based upon the allegations in the Petition for Damages the insurance proceeds are in the amount of $90,571.40 (Petition, ¶ 6), the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs, although Defendant denies any such liability.

## Jurisdiction and Removal Procedure

10. This action is removable under 28 U.S.C. § 1441, as this Court has jurisdiction under 28 U.S.C. § 1332, because (1) Plaintiffs, "residents of Terrebonne Parish, Louisiana"[1] requests damages against Defendant who is a not citizen of Louisiana, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C.

---

[1] *See* Petition for Damages, first unnumbered paragraph.

§1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Therefore, this action is removable based on complete diversity of citizenship.

11. The Plaintiffs' Petition seeks the insurance proceeds of $90,571.40 plus damages. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) is met.

12. The jurisdictional facts alleged in this notice of removal existed at the time that the State Court Action was filed and exists at the time of the filing of this notice.

13. Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C § 1446(b).

14. All properly joined defendants who have been served have or will join and consent to this removal. 28 U.S.C. § 1446(a).

15. All pleadings, process, orders and other filings served on Defendant from the State Court Action are attached to this notice as required by 28 U.S.C. § 1446(a).

16. Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the Clerk of Court of the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, as well as filing notice of removal.

17. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have bene made.

18. The Eastern District of Louisiana is the federal judicial district embracing the 4th Judicial District Court for the Parish of Terrebonne, State of Louisiana, the parish in which the State Court Action was filed and is pending. Therefore, this action is properly removed to this district under 29 U.S.C. § 98(a) and 28 U.S.C. § 1441.

19. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

20. To the extent remand is sought by Plaintiffs or otherwise visited by this Court, Defendant requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

**Adoption and Reservation of Defenses**

21.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state of federal statute, or otherwise.

WHEREFORE, Defendant Rushmore Loan Management Services, LLC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted this 18th day of May, 2023.

> DEAN MORRIS, LLC
> 1505 North 9th Street
> Monroe, LA 71201
> (318) 388-1440
>
> By: */s/ Elizabeth Crowell Price*
> Elizabeth Crowell Price, LA Bar Roll 39083
> elizabeth.price@ms.creditorlawyers.com
> Attorney for Rushmore Loan Management Services, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleadings has been forwarded to all parties of record by U.S. Mail (properly address and postage prepaid), by electronic mail, and/or facsimile, this the 18th day of May, 2023.

*/s/ Elizabeth Crowell Price*
Elizabeth Crowell Price